# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSE DIAZ ,**

        **Plaintiff,**

**-vs-**                                                       **Case No. 6:10-cv-1302-Orl-22DAB**

**MATTRESS ONE, INC.; SOS FURNITURE**
**COMPANY, INC.; MAGED SALEM,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 30)**
>
> **FILED:**      July 7, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The parties filed a Notice of Settlement (Doc. No. 28) in this Fair Labor Standards Act ("FLSA") case, and the Court issued an Order directing the parties to file a motion for a fairness finding supported by the settlement agreement (Doc. No. 29), pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The instant motion followed.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees

bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, the motion indicates that Plaintiff was a store manager for Defendant SOS Furniture Company, Inc. who alleged that he regularly worked 65 hours per week while being paid average gross weekly wages of approximately $390.00/week, "such that if Plaintiff were to have prevailed at trial and convinced a jury that he was owed every hour of overtime he claimed, on a half-time basis his unpaid overtime wages would total $3,904.00." (*See* Doc. No. 17). Defendants contested the claim, asserting that Plaintiff was exempt from overtime, including the FLSA's commission and executive exemptions, and denied that Plaintiff was ever employed by co-Defendant Mattress One, Incorporated. In an effort to avoid further costs and avoid the uncertainties of trial, the parties have agreed to payment of $3,500.00 (consisting of $1,750.00 for alleged overtime wages, and $1,750.00 for alleged liquidated damages) to Plaintiff, and $4,740.00 in attorney's fees and $760.00

in costs, to Plaintiff's counsel.  The parties represent that the settlement is fair and reasonable, and, upon review, the Court agrees.

Although the recovery to Plaintiff is approximately half of his claim, in view of the strength of the defenses (including the assertion that one of the Defendants was not his employer), the Court cannot find the compromise to be unreasonable.  As for attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).  Nonetheless, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed.Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case). Here, Plaintiff's counsel represents that he has logged 20.80 hours of his time and 10.30 hours of paralegal time on this case.  Counsel claims an hourly rate of $275 for his services, and cites several cases recognizing this rate.  Paralegal time is billed at $75 per hour.  All told, counsel's fees total $6,492.50 (20.80 hours calculated at $275.00/hour for Keith M. Stern =$5,720.00 and 10.30 of paralegal time at the rate of $75.00/hour = $772.50).  The settlement provides that counsel will receive $4,740.00 for all fees, and $760.00 for costs.  The Court finds the agreed-to amount to be reasonable, in that the total amount is less than a rate of $250 per hour for the work.

As the Court finds the agreement to be a fair and reasonable resolution of a bona fide dispute, it is **respectfully recommended** that the motion be **granted** and the settlement be approved.

-3-

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 15, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy